## PLATT, TREASURER OF UNITED STATES EXPRESS COMPANY; *v.* CITY OF NEW YORK.

## CITY OF NEW YORK *v.* PLATT, TREASURER OF UNITED STATES EXPRESS COMPANY.

APPEAL AND CROSS-APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Nos. 85, 86.   Argued December 3, 4, 1913.—Decided January 5, 1914.

*Adams Express Co.* v. *New York, ante,* p. 14, followed to the effect that certain municipal ordinances of the City of New York are void and unconstitutional as applied to the interstate commerce of express companies.

189 Fed. Rep. 268, reversed.

THE facts, which involve the constitutionality under the commerce clause of the Federal Constitution of certain ordinances of the City of New York as applied to the interstate business of express companies, are stated in the opinion.

*Mr. Walker D. Hines* for United States Express Company.[1]

------------------

[1] For arguments see p. 20, *ante.*

*Mr. Terence Farley*, with whom *Mr. Archibald R. Watson* was on the brief, for the City of New York.[1]

MR. JUSTICE HUGHES delivered the opinion of the court.

This suit was brought by the complainant as treasurer of the United States Express Company to restrain the enforcement against that company of certain license requirements contained in the ordinances of the City of New York. The ordinances are the same as those which were under consideration in *Adams Express Co.* v. *New York*, decided this day, and the decree of the Circuit Court was to the same effect in both cases. 189 Fed. Rep. 268.

The United States Express Company is an unincorporated association organized under the laws of New York and is extensively engaged in interstate commerce as a common carrier of packages. Over ninety-eight per cent. of its total business in New York City consists of the handling of traffic in interstate transportation. The interstate shipments in New York City are hauled by the Company's wagons to and from the rail terminals of the Central Railroad of New Jersey, the Lehigh Valley Railroad and the Delaware, Lackawanna and Western Railroad, all within the State of New Jersey. It employs in its business 343 express wagons of which 189 are stabled in and operated exclusively from Jersey City, New Jersey; 123 are similarly kept in Communipaw, New Jersey; and the remainder, or 31, are kept in the Borough of Manhattan. Both the local and interstate traffic are handled in these wagons indiscriminately. The Company has never taken out any licenses in the City of New York for its wagons or drivers.

The questions are the same as those which were presented in *Adams Express Co.* v. *New York*, *supra*, and a like

---

[1] For arguments see p. 21, *ante*.

decree should be entered restraining the enforcement of the ordinances against the Company with respect to the conduct of its interstate business and its wagons and drivers employed in interstate commerce.

The decree of the Circuit Court is reversed and the case is remanded to the District Court with direction to enter a decree in favor of the complainant in conformity with this opinion.

*It is so ordered.*